# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>SERGIO CASTANEDA, (1),<br>RICARDO LIZARRAGA (3),<br>MONICA IBANEZ (4),<br>ISABELLA MARIAH GONZALEZ (5),<br>JOSE RUIZ (6)<br>ADAM SEAN TESSLER (7),<br>DANIEL ANDRES MORGUTIA (8),<br>CESAR NASARIO CHAVEZ (10),<br>ADRIAN ARON CASTILLO (11),<br>ABRAHAM ALVAREZ SANTANA (12),<br>JOSE EDWARDO AVILA (13),<br>ALEJANDRO MEZA, JR. (14),<br><br>  Defendants. | Case No.  21CR2996-H<br><br>ORDER GRANTING JOINT MOTION TO CONTINUE MOTION HEARING/ TRIAL SETTING AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT<br><br>(Doc. Nos. 133 and 136.) |

Upon the joint motion of the parties (Doc. Nos. 133 and 136), and good cause appearing, the Court GRANTS the parties' joint motion to continue the Motion Hearing/Trial Setting and GRANTS the parties' joint motion to declare this case complex and exclude time under the Speedy Trial Act, 18 U.S.C. § 3161(h). Accordingly, the Motion Hearing/Trial Setting set for December 6, 2021 at 10:00 a.m. is vacated and continued to February 28, 2022 at 10:00 a.m. The Court makes the following factual findings, which apply to the exclusion of time under the Speedy Trial Act.

There are pending pretrial motions are on file in this case that require a hearing before the Court. Accordingly, the Court continues the pending pretrial motions to the new motion hearing date and finds valid excludable time under the Speedy Trial Act, 18 U.S.C.

§ 3161(h)(1)(D), from the date of the filing of the first pending pretrial motion (Doc. No. 64) to the date of the new Motion Hearing/Trial Setting scheduled for February 28, 2022. See United States v. Tinklenberg, 563 U.S. 647, 650 (2011) (Holding that time resulting from the filing of a pretrial motion falls within the Speedy Trial Act's exclusion irrespective of whether it actually causes, or is expected to cause delay in starting a trial.); See also United States v. Medina, 524 F.3d 974, 979 (9th Cir. 2008) (Holding that when a pending discovery motion is "continued until a date certain or the happening of an event certain" a "district court must exclude time while the motion is pending even if the court ultimately does not hold a hearing or rule on the motion.") (citing United States v. Sutter, 340 F.3d 1022, 1029-32 (9th Cir. 2003)); United States v. Van Brandy, 726 F.2d 548, 551 (9th Cir. 1984) ("While [a defendant] had a motion pending during the critical period, any delay attributable to him is equally attributable to all co-defendants[.]") (citing 18 U.S.C. § 3161(h)(7); United States v. Davis, 679 F.2d 845, 849-50 (11th Cir.1982)).

Taking into account the exercise of due diligence by defense counsel, the Court finds that the voluminous discovery, the number of defendants in this case, the nature of the charges, the complexity of the case, the scope of the alleged conspiracy, and all the other reasons stated in the parties' joint motion make it unreasonable to expect adequate preparation for pretrial proceedings and the trial itself within the time limits established by the Speedy Trial Act. Furthermore, the failure to grant the requested continuance would deny defense counsel the reasonable time necessary for effective preparation and would result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i), (iv). Therefore, the Court finds that time is excluded under 18 U.S.C. § 3161(h)(7)(A) and (B) from the date of this order to the new Motion Hearing/Trial Setting scheduled for February 28, 2022, further finds that this case meets the criteria to declare this case complex under § 3161(h)(7)(B)(ii), and further finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial under § 3161(h)(7)(A). See United States v. Tanh Huu Lam, 251 F.3d 852, 858 (9th Cir.), as amended on denial of reh'g and reh'g en banc sub nom. United States v. Lam, 262 F.3d 1033 (9th Cir. 2001)

("[D]eclin[ing] to permit a defendant's interest in a speedy trial to override his attorney's legitimate assessment of the complexity of a case and his corresponding need to prepare" and further noting that "[t]o hold otherwise would risk setting up an irreconcilable conflict with a defendant's right to effective assistance of counsel[.]").

The Court also excludes time in the interest of justice in light of the current pandemic and for the reasons stated the Order of the Chief Judge No. 63-F (S.D. Cal. Oct. 25, 2021) (Sabraw, C.J.); See also In re Approval of the Judicial Emergency Declared in the S. Dist. of California, 955 F.3d 1135, 1136 (9th Cir. 2020) (Thomas, C.J.); United States v. Olsen, 995 F.3d 683, 695 (9th Cir. 2021) (per curiam) (Holding that the district court "did not cast aside the Sixth Amendment when it entered its emergency orders suspending jury trials based on unprecedented public health and safety concerns."). Even beyond the period of the judicial emergency, the current health emergency including the recent quarantine restrictions imposed by the detention facilities and the discovery of a new mutated COVID-19 variant would likely hinder necessary steps the parties would take to meet with witnesses and trial teams, to resolve pretrial disputes between parties, and otherwise adequately prepare for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act. For these reasons, the Court also excludes time from the date of this order to February 28, 2022 under the interest of justice provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) and (B).

All Defendants are ordered to appear before the Court on February 28, 2022 at 10:00 a.m. and each Defendant on bond shall file an acknowledgment of next court date by December 13, 2021. Failure to file an acknowledgment of next court date may result in the Court issuing an order to show cause why bond should not be revoked for failure to comply with the Court's order.

IT SO ORDERED.

DATED: November 30, 2021

HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE